SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney

MARK L. KROTOSKI (CSBN 138549)
Chief, Criminal Division

JAMES E. KELLER (NYSBN 2893881)
WILLIAM FRENTZEN (LABN 24221)
ROBERT DAVID REES (CSBN 229441)
Assistant United States Attorneys

450 Golden Gate Avenue
San Francisco, CA 94103
Telephone: (415) 436-6840/6959/7210
Fax:     (415) 436-7234
E-mail: james.keller@usdoj.gov
        william.frentzen@usdoj.gov
        robert.rees@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>RAYMON D. HILL, *et al.*,<br><br>  Defendants. | **No. CR 05-00324 MMC**<br><br>**UNITED STATES' SUR-REPLY REGARDING DEFENDANT MEILLEUR'S MOTION TO SUPPRESS**<br><br>DATE:  June 27, 2007<br>TIME:  2:30 p.m.<br>COURT: Hon. M.M. Chesney |

**I.
INTRODUCTION**

At the hearing on this matter, the Court ordered the government to file a Sur-Reply on the basis that defendant Meilleur's reply had taken a different approach than that he originally took in his original motion. Among other issues discussed, the Court inquired as to whether a prosecution pursuant to CAL. PENAL CODE § 148 was proper where a defendant provides a false name to law enforcement given the existence of CAL. PENAL CODE § 148.9, which

specifically criminalizes providing a false name but only following detention or arrest. The government hereby maintains its position that defendant's motion should be denied because the police acted properly.

## II.
## ARGUMENT

**A. Defendant's Arrest for Providing a False Name was Proper**

At the hearing on this motion, the Court asked the following question: whether providing a false name to law enforcement could be prosecuted under the more general "obstruction of law enforcement officer" statute located at CAL. PENAL CODE § 148(a)(1) – which by its plain language does not restrict itself to occasions where arrest or detention have occurred – or if it must be prosecuted strictly under CAL. PENAL CODE § 148.9. The answer to the Court's inquiry is a resounding "yes." *People v. Christopher*, 137 Cal.App.4th 418 (2006) held that affirmatively providing a false name to law enforcement officers while they were engaged in performance of official duties violates the general provisions of § 148(a)(1).[1] The very case originally cited by defendant for the proposition that § 148.9 only applies in detention and arrest settings also expressly recognized that § 148 would apply to the giving of false information during a consensual encounter. *In re: Voeurn O.*, 35 Cal.App.4th 793, 796 (1995) (citing CAL. PENAL CODE § 148 as an example of instances demonstrating that the Legislature "knows how to draft a law which encompasses the giving of false information during a consensual encounter.")

Therefore, once defendant provided a false name to Officer Bonner, there was probable cause for his arrest regardless of his detention status. The fact that Officer Bonner's report cited the more specific section of CAL. PENAL CODE § 148.9 is, of course, not dispositive to whether he had articulable facts to support probable cause for the arrest of defendant Meilleur. *United States v. Hill*, 55 F.3d 479, 481 n.1 (9th Cir. 1995) (in the "context of establishing probable cause to arrest, there is ample authority that the crime committed need not be specified") (*citing United States v. Prandy-Binett*, 995 F.2d 1069, 1073 (D.C. Cir. 1993) (collecting cases and stating "[i]t

---

[1] The text of §148(a)(1) was the same in 1996 as it was in 2006, when *Christopher* was decided.

is simply not the law that officers must be aware of the **specific** crime an individual is likely committing . . . . It is enough that they have probable cause to believe the defendant has committed one or the other of several offenses, even though they can't be sure which one. The police may arrest an armed individual running from a store in the dead of night while the burglar alarm is sounding, even though they cannot be certain whether the suspected crime is attempted burglary, burglary, attempted robbery, robbery or unlawful possession of a firearm") (emphasis in original)); *United States v. Meek*, 366 F.3d 705, 713 (9th Cir. 2004) (fact that warrant cited violation of California statute different from the California statute for which affidavit provided probable cause did not invalidate the warrant). Therefore, the arrest for providing a false name was appropriate and proper regardless of defendant Meilleur's detention status, search incident to that arrest was appropriate, and defendant's motion should be denied without need for a hearing.

**B. Officers had a Reasonable Suspicion to Stop Defendant and Probable Cause to Believe He was Detained**

The above argument dooms defendant's "alternative" theory of suppression regardless of defendant's detention status, and no more discussion is really necessary for the Court to make its determination that there should not be a suppression. However, should the Court wish to consider this matter any further, it also inquired of the government as to whether there was a detention or not. While the response to that, as the government tried to state at the hearing, may be nuanced, we will attempt to explain our position here – that a defendant could be "detained" for the purpose of probable cause to believe the California statute had been violated, but simultaneously not "detained" for the purpose of the Fourth Amendment.

As the government argued in its initial opposition, the officers had a reasonable suspicion to investigate defendant Meilleur's presence in the Hayes Street Housing Project. Gov. Opp. at 4. That reasonable suspicion was predicated upon the officers' lack of recognition of either defendant Meilleur or the other individual as residents or visitors of the Housing Project, the signs around the Project which declared "No Trespassing," and the activities of defendant Meilleur and those around him while being observed by the officers. Defendant argues that he could not have "trespassed" predicated on the statute cited by the officers, CAL. PENAL CODE

U.S. Sur-Reply re: Def. Meilleur Mot. To Suppress
CR 05-00324 MMC                                3

§ 602.5, because he was not present inside of a residential structure when arrested. Defendant Meilleur's argument ignores that the officers had reasonable suspicion to investigate all variety of "trespass," which under the statutes in place in 1996 included trespasses upon posted lands "where signs forbidding trespass are displayed," CAL. PENAL CODE § 602(k), as they were for the Hayes Street Housing Project. Officers were also entitled to investigate trespasses by "entering and occupying real property or structures of any kind without the consent of the owner . . ." CAL. PENAL CODE § 602(l). The officers further had a reasonable suspicion to investigate whether there was a trespass upon private property pursuant to CAL. PENAL CODE § 602(n), which expressly covered any "land . . . owned or operated by any housing authority." For purposes of the Court's analysis, therefore, the officers had sufficient reasonable suspicion to briefly detain defendant Meilleur for their investigative inquiry into his identity and whether he lived at, or was visiting someone within, the Hayes Street Housing Project. *United States v. Worsham*, 2007 WL 541743 (E.D.Va. 2007).

Based on that reasonable suspicion, Officer Bonner wrote in his report that he "detained" defendant Meilleur and the other individual "to determine their residency on the property." Dec. of Inspector Bonner, Incident Report at 4. For the purpose of determining whether there was a reasonable suspicion to effect a seizure, the question is whether the officer has articulable facts before him to suspect that criminal activity is afoot. Here, as noted above, Officer Bonner certainly had facts which would permit a brief investigative detention, which the officers clearly believed that they had done as stated in the report. That analysis, as the government tried to explain at the hearing, is different than the analysis required for determining whether a detention actually occurred for Fourth Amendment purposes – which focuses not on the facts before the officers, but on what a reasonable person would have felt under the circumstances. It is obvious that those are not the same things, thus opening the door for the likelihood that an officer may have facts sufficient for him to properly believe that he engaged in a detention but that the actual manner of the detention would not cause an ordinary person to feel constrained from leaving the situation.

### C. Probable Cause to Believe a Detention Occurred May be Different than Actual Detention Occurring

Thus, Officer Bonner acted appropriately in making a determination that he had reasonable suspicion and had "detained" defendant Meilleur prior to defendant lying to him. For the purposes of the probable cause analysis of a violation of CAL. PENAL CODE § 148.9, then, a detention had occurred prior to defendant Meilleur making a false statement regarding his name.

That does not change the Fourth Amendment analysis, however, that what Officer Bonner actually physically did to defendant Meilleur would not constitute a "seizure." That is true because the Fourth Amendment does not look to whether law enforcement had sufficient facts before it to determine whether there is a "seizure." The Fourth Amendment instead looks to whether a reasonable person would have felt free, given the actions of the police, to walk away or not. Where, as here, law enforcement approaches and stands in close proximity but does not touch the defendant, does not handcuff the defendant, does not display weapons to the defendant, and simply asks investigatory questions, there is not, for the purposes of the Fourth Amendment, a seizure. While that distinction may not have been recognized or pointed out by the parties during the California juvenile adjudication in *In re: Voeurn O.*, 35 Cal.App.4th 793, that certainly does not constrain the Fourth Amendment considerations of the parties involved in this federal litigation nor should it constrain this Court in properly interpreting federal constitutional issues.[2]

Finally, although unnecessary given the lawful arrest, the government maintains that no manipulation of defendant Meilleur's body was necessary for the officers to see the plastic baggie sticking out of his jacket pocket nor to illuminate white rock-like substances with a flashlight. Therefore, the crack which was recovered was also subject to plain view analysis.

---

[2] In fact, it appears that the State conceded that no detention occurred in that case, rather than arguing – as the government does here – that probable cause to believe that a detention occurred is not necessarily co-existent with a judicial determination that a Fourth Amendment detention occurred.

U.S. Sur-Reply re: Def. Meilleur Mot. To Suppress
CR 05-00324 MMC 5

### III. CONCLUSION

For the foregoing reasons, the defendant's motion should be denied without the need for an evidentiary hearing.

Dated: June 6, 2007.

Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney


\_\_\_\_\_/s/_____
WILLIAM FRENTZEN
JAMES E. KELLER
ROBERT DAVID REES
Assistant United States Attorneys

U.S. Sur-Reply re: Def. Meilleur Mot. To Suppress
CR 05-00324 MMC                         6